FREDERICK O. PRIDE & another *vs.* ARTHUR D. MONAGHAN
& others.

Norfolk.    January 11, 1933. — February 15, 1933.

Present: RUGG, C.J., PIERCE, WAIT, DONAHUE, & LUMMUS, JJ.

*Boundary.*

At the hearing of a petition in the Land Court for registration of the
title to land, it appeared that in 1873 title to the westerly half of a
strip of land, running north and south and ending at the south at a
public way, was in two coöwners, and title to the easterly half was
in one of them alone; that they contemplated using the strip as an
extension of the public way, it being so shown on a plan prepared
for them; that they later abandoned their idea of so using the strip;
that in 1877, the plan not having been recorded, they conveyed to a
predecessor of the petitioner a parcel of land at the west of the strip,
bounding the parcel on the east by a line running diagonally from the
southwest corner of the strip to the northeast corner thereof; that
the coöwner who had owned the easterly half of the strip later
pointed out marking stones at the ends of the diagonal line as the
bounds of the parcel so conveyed; that he gave a deed to a predeces-
sor of the respondent conveying the land to the east of the strip,
describing its westerly boundary as on the way and referring to the
unrecorded plan; and that the plan was recorded by some one in
1883 and was still on record when the respondent acquired title.
*Held,* that
    (1) Findings were warranted that the coöwners of the strip in-
tended to abandon use of it as a street and that, by their deed in
1877 to the petitioner's predecessor, they intended to convey all the
title which either or both of them had in the strip as far easterly as
the diagonal line;
    (2) The subsequent recording of the plan could not derogate from
said deed nor revive the abandoned way as against the grantee therein
and his successors in title;
    (3) A decision that the petitioner had title as far easterly as the
diagonal line was proper.

PETITION, filed in the Land Court on December 11, 1931,
for registration of the title to land in Wellesley.

The case was heard by *Davis,* J.  It appeared from his
decision that the petitioners owned a house lot on the
northerly side of Curve Street, which runs northerly to

such land and then turns and runs westerly as shown on the sketch on page 64; and that the extension of Curve Street mentioned in the opinion ran straight on northerly, from where Curve Street turns westerly, to a dead end at the northerly line of the petitioners' land. Other material facts found by the judge are stated in the opinion.

The petitioners contended that such extension was merely a contemplated extension, subsequently changed by the only parties in interest; that the easterly boundary of their land was the line shown as "Deed Line" on the sketch and that their title was subject to no easement over the contemplated extension. The respondents, owners of land at the east of the extension, contended that their land extended westerly to the middle line of the extension and that they had a right of way over the whole strip.

The judge ordered the entry of a decree for the petitioners registering their title in accordance with their contention, subject to a right of way by prescription in the respondent Monaghan over "so much of the petitioners' land to the east of the line of trees as is included within the way used by the respondent for access to his house, garage and shop." That respondent alleged exceptions.

*W. R. Bigelow*, for the respondent Monaghan.

*C. A. Bunker*, for the petitioners.

WAIT, J. This is a petition for registration of title to land in Wellesley. It is before us upon exceptions claimed to a decision of the Land Court which found title to be in the petitioners subject to a right of way in the respondent Monaghan. The easterly boundary of the lot was found to be a line running diagonally from the southwest corner of a strip thirty feet in width to the northeast corner of that strip. In 1873 the fee in the land forming the westerly half of the thirty-foot strip was in Howe and Marshall as coöwners. The fee in the easterly half was in Howe alone. In 1877, Howe and Marshall made a deed to Kingsbury, the predecessor of the petitioners, bounding the land conveyed on the east by the diagonal line above mentioned. The fee in so much of the land thus conveyed as lay easterly of the center line of the thirty-foot strip was in Howe

alone.   The fee in the remainder was in Howe and Marshall as coöwners.   The respondents contend that this deed conveyed only the land in which Marshall had a title as co-owner with Howe.   The petitioners maintain that it conveyed what it described with Howe's title to what he owned, either as cotenant or sole, and Marshall's title to what he owned.

The respondent Monaghan relies upon *Ingalls* v. *Newhall*, 139 Mass. 268, in support of his contention.   This court there considered evidence outside the words of the deed to get at the intent of the grantors; and, in deciding that the deed there in question was confined to a grant of what was held by the grantors in common to the exclusion of anything held by one of them by a different and independent title, this court gave effect to that intent, and disregarded the narrow meaning of the words used in the deed.   The decision supports the trial judge here.   There was evidence that Howe and Trowbridge, a former owner of part of the thirty-foot strip, contemplated using the strip as a street; that it was shown as a contemplated extension of Curve Street on plans prepared for Howe and Marshall; that in 1877, before any of these plans had been placed on record, Howe and Marshall abandoned the idea of using the strip as a street, and conveyed part of it to Kingsbury, the petitioners' grantor, as part of the land deeded to him; that the lot so conveyed was shown as lot 18 on one of the unrecorded plans, a plan on which a line was drawn which closed off the thirty-foot strip from Curve Street as shown on the plans.   There was evidence that Howe had pointed out marking stones at the southwest and northeast ends of the diagonal line as bounds of the Kingsbury conveyance.   There was a release of a mortgagee's title.   We think the judge was justified in finding an intent of every one then owning the strip and the land adjoining it to abandon it as a contemplated street; and an intent of the grantors in the deed to Kingsbury in 1877 to convey to him the land described in his deed with any title either or both of them had in it.

One of the Fuller plans which showed the strip as an ex-

tension of Curve Street was placed on record in 1883. It was on the records when Monaghan obtained his title. It would indicate to him, or a searcher for him, that the land he purchased was bounded by a street. A recorded deed from Howe to a predecessor, made before the plan was recorded, bounded on Curve Street and referred to the unrecorded plan. Who caused the plan to be recorded does not appear. No act of recording the plan, however, could derogate from the deed of 1877 to Kingsbury, or bring to life the abandoned way as against Kingsbury or those deriving title under that deed. The decision that the respondent Monaghan has a right of way by prescription over a portion of the petitioners' land is not challenged. It need not be discussed. We see no occasion for allowing costs to either party.

*Exceptions overruled.*